UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   21-CR-60264-RAR

UNITED STATES OF AMERICA

vs.

SEAN DEEGAN,

    Defendant.
_____/

## AGREED FACTUAL BASIS FOR GUILTY PLEA

Beginning in or around January 2017 and continuing through in or around August 2019, in Broward County, the Southern District of Florida, and elsewhere, the defendant, SEAN DEEGAN ("DEEGAN"), knowingly and willfully conspired and agreed with others to solicit and receive illegal health care kickbacks, in violation of Title 18, United States Code, Section 371. Medicare is a "health care benefit program" as defined in Title 18, United States Code, Section 24 and a Federal health care program, as defined by Title 42, United States Code, Section 1320a-7b(f). Furthermore, Medicare is a health care benefit program affecting commerce.

DEEGAN owned and operated D5 Capital, LLC ("D5 CAPITAL"), a marketing company based in Pompano Beach, Florida. DEEGAN worked with other marketers and patient recruiters to refer false and fraudulent genetic tests to laboratories in exchange for kickbacks, which included LabSolutions, LLC (the "Lab"), a Medicare provider that purported to provide laboratory testing services to Medicare beneficiaries. This included working with William Hyman the owner of

Wellness Medical Services, LLC ("WELLNESS MEDICAL"), which had its principal place of business in New Jersey.

Specifically, in January of 2017, DEEGAN, on behalf of D5 CAPITAL, executed a Laboratory Test Distribution Agreement with the Lab. Under this agreement, DEEGAN and his co-conspirators sold the Lab signed lab requisition orders for cancer genetic ("CGx") tests in exchange for illegal kickbacks, which were calculated based on 45% of the amount of money LabSolutions collected from insurance, to include Medicare. DEEGAN, through D5, retained a 10% override commission from these kickback proceeds, and then, under an agreement between D5 CAPITAL and WELLNESS, he transferred the remaining kickback proceeds (35%) to HYMAN. HYMAN then split these proceeds with other co-conspirators.

DEEGAN was aware of the Anti-Kickback Statute and understood that payments he received from the Lab were illegal kickbacks the Lab paid D5 CAPITAL in exchange for the referral of Medicare beneficiaries. DEEGAN used these proceeds for his personal use and benefit, the use and benefit of others, and to further the conspiracy.

As a result of DEEGAN's participation in the conspiracy, Medicare paid the Lab approximately $705,818 it was not entitled to receive as the patients were procured through illegal kickbacks.

The preceding statement is a summary made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning criminal activity in which I and others engaged. I make this statement knowingly and voluntarily and because I am in fact guilty of the crimes charged.

DATE: 7/16/21

SEAN DEEGAN
Defendant

RON D. HERMAN, ESQ.
Attorney for Defendant

PATRICK J. QUEENAN
Trial Attorney